# Chicago City Railway Company v. Edward Meinheit.

## Gen. No. 11,192.

1.  DRIVER—*duty of, to turn out from street car tracks.* An instruction as follows :  " The jury are instructed that by reason of its convenience to the public as a carrier of passengers, and because of the inability of its cars to turn out, a street railway company is vested with the right of way over other vehicles over the portion of the street occupied by its tracks, and it is the duty of the drivers of such vehicles to turn out and allow its cars to pass, and to use care not to obstruct and delay the same.   And if the jury believe from the evidence that the plaintiff, while neglecting such duty, if he did neglect such duty, and failing thereby to use ordinary care for his own safety, was injured, then the plaintiff cannot recover in this case," held proper, and its refusal reversible error.

2.  COLLISION—*instruction upon, held improperly refused.* An instruction as follows :  " If the jury believe from the evidence that the wagon in which the plaintiff was driving suddenly cut in front of the grip-car in question, and that the car and wagon came into collision without any negligence on the part of the defendant, and that the collision so disarranged the connection between the said grip-car and the cable, or the position of the grip-car, that the said cable was thereby rendered inefficient or uncontrollable, then if the jury believe from the evidence that the consequences of such condition of the cable could not have been prevented by the exercise of ordinary care on the part of the defendant, the jury must find the defendant not guilty," held subject to verbal criticism, but of such a character as to require its giving to the jury.

Action on the case for personal injuries.   Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903.   Reversed and remanded.   Opinion filed June 17, 1904.

**Statement by the Court.**   Appellant has upon Wabash avenue two railroad tracks underneath each of which there is an endless cable used to move the cars.   A train of three cars, a grip-car and two trailers, was going south in Wabash avenue on the west track and between Adams and Jackson streets struck a wagon driven by appellee and he was thrown out and injured.   In an action on the case against appellant for negligence he recovered a judgment, from which this appeal is prosecuted.

WILLIAM J. HYNES, JAMES W. DUNCAN and C. LeRoy BROWN, for appellant; MASON B. STARRING, of counsel.

RICHOLSON & LEVY, for appellee; C. STUART BEATTIE, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

The contention of appellant is that appellee was driving north in the east or north-bound track and when a short distance from the train of appellant he suddenly turned his team to the west and attempted to cross the west track in front of the train; that as soon as he turned his team to the west and disclosed his intention to cross the west track, the grip driver made every effort to stop the train but was not able to do so before the grip-car struck the wagon.

The contention of appellee is that he was driving south, not north, in the west track, not the east, and while in the act of turning out of the west track to permit the train to pass, his wagon was struck. Each contention is supported by the testimony of several witnesses.

Appellant further contends that as a result of the collision the machinery by which the grip is loosened and the cable released was so bent and injured that it became and was impossible to loosen the grip, or release the cable, and that it was therefore impossible to stop the train; that the train continued to go forward, pushing the wagon before it, until at Jackson street another wagon was struck.

The court refused to give for the defendant the following instruction :

"The jury are instructed that by reason of its convenience to the public as a carrier of passengers, and because of the inability of its cars to turn out, a street railway company is vested with the right of way over other vehicles over the portion of the street occupied by its tracks, and it is the duty of the drivers of such vehicles to turn out and allow its cars to pass, and to use care not to obstruct and delay the same. And if the jury believe from the evidence that the plaintiff, while neglecting such duty, if he did neglect such duty, and failing thereby to use ordinary care for his own safety, was injured, then the plaintiff cannot recover in this case."

In North Chicago Elec. Ry. Co. v. Peuser, 190 Ill. 67, the same instruction was asked by the defendant and refused and because of such refusal the judgment was reversed.    In that case the wagon in which the plaintiff was, and the street car, were upon the same track, going the same way, the car behind the wagon.  The driver attempted to turn his horse and wagon from the track and while the hind wheels of the wagon were still on or near the track, the car struck the wagon and the plaintiff was thrown out and injured.

It is said that the instruction was properly refused in this case because there was no evidence from which the jury could find that the plaintiff was neglecting " the duty to turn out and let the car pass."    Appellee testified that he drove west on Adams street; that when he got to Wabash avenue he looked north and saw the car coming about seven or eight hundred feet away from him; that he proceeded across Wabash avenue until he reached the west track and turned south in that track.  He knew when he turned into the west track that the car was coming toward him on that track.    In the Peuser case there was no evidence that either the plaintiff or the driver of the wagon knew that the car was approaching them.    In this case the plaintiff was the driver of the wagon; in the Peuser case he was not and had no control over the wagon.  The evidence tending to show that the plaintiff in this case neglected his duty to turn out and let the car pass and failed to exercise ordinary care for his own safety is more cogent and abundant than was the evidence in the Peuser case to show that Peuser neglected such duty or failed to exercise ordinary care for his own safety.  Upon the authority of that case we hold that it was reversible error to refuse to give in this case the instruction above set out.

The court also refused to give for the defendant the following instruction :

" If the jury believe from the evidence that the wagon in which the plaintiff was driving suddenly cut in front of the grip-car in question, and that the car and wagon came into

collision without any negligence on the part of the defendant, and that the collision so disarranged the connection between the said grip car and the cable, or the position of the grip-car, that the said cable was rendered inefficient or uncontrollable, then if the jury believe from the evidence that the consequences of such condition of the cable could not have been prevented by the exercise of ordinary care on the part of the defendant, the jury must find the defendant not guilty."

It is not clear from the evidence whether the plaintiff was thrown from the wagon and injured by the impact of the car against the wagon, or after the collision, while the car, then uncontrollable, was pushing the wagon before it. If the collision occurred " without any negligence on the part of the defendant," and the injury to the grip machinery or cable was the direct result of the collision and the uncontrollable condition of the car and cable, the direct result of the injury to the grip machinery or cable, and the consequence of such condition of the car or cable " could not have been prevented by the exercise of ordinary care on the part of the defendant," the defendant would not be liable to the plaintiff for his injuries, whether they were received as the direct result of the impact of the car against the wagon or as the result of the pushing of the wagon by the car after the collision.

The instruction in question is subject to some verbal criticism, but we think it involves rules of law that should have been stated to the jury to aid them in arriving at a proper conclusion in the cause.

For the errors indicated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Mr. Justice STEIN took no part.